## Appeal of SUPERIOR SERVICE ASSOCIATION.

Docket No. 1002.   Submitted May 14, 1925.   Decided November 4, 1925.

An association formed under a declaration of trust and owning all but qualifying shares of the capital stock of three affiliated corporations which had large amounts of capital invested in income-producing equipment, *held* not entitled to personal-service classification for the year 1919.

*R. I. Tipton, Esq.*, for the taxpayer.
*Ward Loveless, Esq.*, for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS.

This appeal is from a deficiency in income and profits taxes for the calendar year 1919 in the amount of $2,304.97. All of the facts presented to the Board were contained in written and verbal stipulations. The taxpayer filed its return for the year in question as a personal-service corporation, and the sole issue involved is whether or not the taxpayer is entitled to classification as a personal-service corporation.

### FINDINGS OF FACT.

1. The taxpayer is an association formed under a declaration of trust bearing date of the 28th day of August, 1915, and having its principal place of business in the City of Superior, Wis. It is an organization of the character generally known as a " Massachusetts trust," and is an entity taxable under the Revenue Act of 1918 as a corporation.

2. During the year 1919 the Yale Laundry Co., the Superior Laundry Co., and the Armstead Laundry Co., all of which were corporations existing under the laws of the State of Wisconsin, were affiliated with the taxpayer. All of the capital stock of each of said corporations was owned by the taxpayer, save and except three shares each of the capital stock of the Superior Laundry Co. and the Armstead Laundry Co., and five shares of the capital stock of the Yale Laundry Co., which shares of the respective corporations were held by individuals for the purpose of qualifying them as directors of the respective corporations.

3. The total income received by the taxpayer resulted from its ownership of the capital stock of the three corporations above named.

4. The three corporations received their total gross income for the year 1919, save and except the sum of $380.97, from the operation of a laundering and dry-cleaning service. The $380.97 is the sum of the following amounts received by such corporations, namely:

Interest _____ $62. 66

Rentals _____ 194. 00

Reciprocal exchange _____ 124. 31

The item of reciprocal exchange consists of a return of a part of the insurance premiums paid by the corporations. No reduction of income results for this latter amount because of its treatment on the books and records of the taxpayer.

5. The respective balance sheets of the three corporations and the consolidated balance sheet as of December 31, 1919, are shown in the following tabulation:

| | Yale Laundry Co. | Superior Laundry Co. | Armstead Laundry Co. | Consolidated |
|---|---|---|---|---|
| **ASSETS** | | | | |
| Cash and bank balances | $5,081.18 | $5,356.98 | $341.01 | $10,779.17 |
| Accounts receivable | 10,936.97 | 15,656.86 | 87.11 | 26,680.04 |
| Bills receivable | 208.29 | | | 208.29 |
| Plant and equipment | 71,037.41 | 61,560.96 | 40,947.85 | 173,526.22 |
| Stores and inventories | 8,354.46 | 4,279.39 | | 12,813.85 |
| Special investment | | 370.00 | | 370.00 |
| Capital stock unissued | 5,000.00 | | | 5,000.00 |
| Liberty bonds and war savings stamps | 300.00 | 2,549.84 | 50.00 | 2,899.84 |
| D. F. McDonald et al | 2,638.19 | | | 2,638.19 |
| Treasury bonds (collateral) | | 7,000.00 | | 7,000.00 |
| Treasury bonds (free) | | 5,700.00 | | 5,700.00 |
| Total | 103,715.60 | 102,474.03 | 44,154.69 | 247,615.60 |
| **LIABILITIES** | | | | |
| Accounts payable | 9,866.23 | 7,735.52 | 622.79 | 18,424.48 |
| Bills payable (coll.) | | 7,000.00 | | 7,000.00 |
| Bonds outstanding | | 16,900.00 | | 16,900.00 |
| Plant encumbrance | 10,000.00 | | 3,000.00 | 13,000.00 |
| Reserves | 10,995.59 | 10,897.82 | 8,796.16 | 30,689.57 |
| Capital stock authorized | 50,000.00 | 40,000.00 | 30,000.00 | 120,000.00 |
| Star Laundry current accounts | | | | 2,793.18 |
| Surplus | 17,007.14 | 5,882.20 | 1,535.83 | 24,425.17 |
| Undivided profits | 5,846.64 | 11,265.31 | 2,728.72 | 14,383.23 |
| Total | 103,715.60 | 102,474.03 | 44,154.69 | 247,615.60 |

6. During the year 1919 the Yale Laundry Co. employed from 55 to 60 employees, the Superior Laundry Co. from 45 to 50 employees, and the Armstead Laundry Co. 6 or 7 employees. None of these employees were stockholders in any of the corporations or in any way beneficially interested in the taxpayer.

7. The individuals associated under the trust agreement were all actively engaged in the operation of the laundering and cleaning business conducted by the affiliated corporations.

8. Neither the taxpayer nor any of its affiliated corporations purchased or sold any commodities or merchandise. They performed the service of laundering and dry cleaning for customers and the services of the employees were rendered in the performance of such service.

DECISION.

The determination of the Commissioner is approved.

OPINION.

GRAUPNER: The taxpayer has advanced the contention that it is entitled to classification as a personal-service corporation despite the fact that it has a large invested capital. It asserts that section 200 of the Revenue Act of 1918 contemplates the exclusion of a corporation from personal-service classification only when capital is a material income-producing factor and produces profits as a result of trading as a principal. It further contends that, because its income is derived from charging customers for a service rendered in place of selling a commodity, and because all the members of the trust, who under the law would correspond to the principal stockholders of a corporation, were devoting their entire time and attention to the business of the taxpayer and were regularly engaged in the active conduct of the affairs of the taxpayer, it is entitled to the classification claimed despite the showing of a large amount of invested capital in the schedules shown in paragraph 5 of the findings of fact. With these contentions we can not agree. The mere fact that the taxpayer's capital is to a large degree invested in plant and equipment which is utilized for the laundering of soiled clothing or the cleaning of clothes does not in any way detract from the fact that such investment of capital is a material income-producing factor. A careful reading of section 200 makes it very apparent that the exclusion contained in the last half of the section is not to be so read as to vest a corporation using a large amount of capital for the purpose of conducting its business with a classification which would give it benefits over another corporation with an equal amount of invested capital but engaged in trading in some commodity.